IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 07-00111 |
| | CIVIL CASE NO. 10-00028 |
| Plaintiff-Respondent, | CRIMINAL CASE NO. 08-00013 |
| | CIVIL CASE NO. 10-00029 |
| vs. | **ORDER AND OPINION RE:** |
| | **28 U.S.C. § 2255 MOTION** |
| JOSHUA J.C. ULLOA, | |
| Defendant-Petitioner. | |

This matter is before the court on Defendant-Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255; Motion for Production of Documents; Motion Requesting Leave to Amend 28 U.S.C. § 2255; and Motion Requesting Immediate Relief from Illegal Sentence. *See* ECF Nos. 52, 56, 79, and 80.[1] After reviewing the parties' briefs, and relevant cases and statutes, the court hereby **DENIES** the Motion Requesting Leave to Amend and **DENIES** the remaining Motions for the reasons stated herein.

---

[1] For ease of reference, all ECF numbers referred to herein correspond to Criminal Case No. 07-00111 unless otherwise noted.

Page 1 of 14

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 11, 2008, Joshua J.C. Ulloa ("Petitioner") pleaded guilty to one count of Drug User in Possession of a Firearm in violation of 18 U.S.C. §§ 2, 922(g)(3), and 924(a)(2) in Criminal Case No. 07-00111. ECF No. 26. On the same day, Petitioner also pled guilty to one count of Conspiracy to Manufacture Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 in Criminal Case No. 08-00013. *Id*. On April 8, 2008, the court accepted the pleas of guilty. ECF Nos. 31 (Criminal Case No. 07-00111), 58 (Criminal Case No. 08-00013).

On June 4, 2009, Petitioner appeared before the court for sentencing. ECF No. 47. The Probation Officer reported that Petitioner's adjusted offense level was thirty[2] because "the manufacture of methamphetamine created a substantial risk of harm to the five minors involved in this case." Sentencing Tr. 10:1–3, June 4, 2009, ECF No. 76. Petitioner received a two-level decrease for acceptance of responsibility and the Government moved for an additional one-level decrease pursuant to U.S.S.G. § 3E1.1. *Id*., Tr. 10:12–19. The total offense level was twenty-seven with a criminal history category of three, resulting in a guideline imprisonment range of 87 to 108 months. *Id*., Tr. 11:1–6. Petitioner was sentenced to eighty-seven months of imprisonment. ECF No. 48.

### A. § 2255 MOTION

On November 1, 2010, the court received Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody 28 U.S.C. § 2255 ("the Motion" or "§ 2255 Motion"). ECF No. 52. On December 6, 2010, the court received Petitioner's Brief in Support of the Motion. ECF No. 53. On January 10, 2011, Petitioner's Motion for Production of Documents was filed. ECF No. 56.

---

[2] U.S.S.G. § 2D1.10 states: "If the offense (i) involved the manufacture of amphetamine or methamphetamine; and (ii) created a substantial risk of harm to the life of a minor or an incompetent, increase by 6 levels. If the resulting offense level is less than level 30, increase to level 30."

On April 13, 2011, the court issued an Order to Show Cause ordering Petitioner to file a written response articulating the reasons the Motion was filed beyond the one year limitations period. ECF No. 58. Petitioner filed his written response on July 26, 2011. ECF No. 64. The Government filed its reply to Petitioner's response on January 12, 2012. ECF No. 67.

On May 22, 2012, the Government filed its Opposition to the Motion. ECF No. 70. On June 11, 2012, Petitioner's Reply to the Government's Opposition was filed. ECF No. 78. On July 16, 2012, Petitioner filed a pleading styled as a "Motion Requesting Leave to Amend 28 U.S.C. § 2255." ECF No. 79.

### B. MOTION FOR PRODUCTION OF DOCUMENTS

In a letter dated October 4, 2010, Petitioner requested copies of his plea agreement, plea transcript, and sentencing transcript. ECF No. 147 (Criminal Case No. 08-00013). On April 13, 2011, the court ordered, to the extent Petitioner's October 4, 2010 letter could be construed as a motion for transcripts, that it be denied because such a request was premature as it was filed before the § 2255 Motion was filed. ECF No. 58. In its order, the court noted that Petitioner had filed a "Motion for Production of Documents" (ECF No. 56) on January 10, 2011, "which may be construed as a motion for transcripts pursuant to 28 U.S.C. § 753(f)," but it did not rule on said motion. Ct. Order at 3 n.5, ECF No. 58.

On July 26, 2011, Petitioner requested the court reconsider his Motion for Production of Documents. ECF No. 64. On May 14, 2012, the court issued an order in which it inquired whether Petitioner had received the documents which were the subject of the Motion for Production of Documents. ECF No. 69. On June 4, 2012, the court received Petitioner's response stating that he had not yet received the transcripts for the plea and sentencing hearings. ECF No. 77. In the Government's Opposition to the § 2255 Motion, the Government indicated that it had ordered the sentencing transcript and would make said transcript available to Petitioner. Resp't's

Page 3 of 14

Case 1:07-cr-00111   Document 83   Filed 05/15/13   Page 3 of 14

Opp'n at 3, ECF No. 70. Petitioner acknowledged that he received the sentencing transcript on or around June 18, 2012. Pet'r's Mot. to Amend at 2, ECF No. 79.

## II. DISCUSSION

### A. STATUTE OF LIMITATIONS

There is a one-year statute of limitations for a defendant to file a motion under § 2255.[3] Here, the judgments in Criminal Case Nos. 07-00111 and 08-00013 were filed on June 11, 2009. At the time, the period for filing a direct appeal expired ten days after the written judgment of conviction was entered. *See* FED. R. APP. P. 4(b)(1)(A)(i) (2009). As Petitioner did not file a direct appeal, the judgments of conviction became final on June 22, 2009. *See* FED. R. APP. P. 26(a)(1). Petitioner had until June 22, 2010 to file a motion under § 2255, but the court received the Motion on November 1, 2010. *See* ECF No. 52. Thus, the Motion was filed beyond the limitations period.

However, the statute of limitations is subject to equitable tolling if Petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted)). Petitioner "must show that the extraordinary circumstances 'were the cause of his untimeliness.'" *Id.* (quoting *Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007)).

Petitioner contends that he timely filed the Motion on June 3, 2010, when he provided the

---

[3] 28 U.S.C. § 2255(f) provides:
(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 4 of 14

USP Lompoc (L-Unit) with the Motion in a prepaid envelope addressed to the District Court of Guam. *See* ECF No. 64. Petitioner alleges that the prison officials impeded the timely delivery of the Motion and that the resulting delay was not within his control. *Id*. The Government concedes that Petitioner has adequately established diligence in pursuing his rights and that an extraordinary circumstance stood in his way and prevented him from timely filing. *See* ECF No. 67.

The mailbox rule "provides that a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." *Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). Additionally, in *Miles v. Prunty*, the Ninth Circuit held that an incarcerated pro se litigant who is reliant on prison officials to mail his petition to the district court is entitled to equitable tolling since "any delay on the part of prison officials…[is] not within [the petitioner's] control." 187 F.3d 1104, 1107 (9th Cir. 1999). Given that "the mail room does not keep a log book of outgoing legal mail received from inmates in the institution," Petitioner's allegations establish that he exercised due diligence by preparing and submitting the Motion to prison officials on June 3, 2010 before the statute of limitations expired and that the delay of the prison officials was not within his control. Ex. A, ECF No. 64. Accordingly, the doctrine of equitable tolling is applicable and the Motion is not untimely.

**B. MOTION FOR PRODUCTION OF DOCUMENTS**

Petitioner filed a "Motion for Production of Documents" on January 10, 2011, which the court understood to be a motion for transcripts pursuant to 28 U.S.C. § 753(f). ECF Nos. 56, 58. In a subsequent pleading, Petitioner requested the court reconsider said motion. ECF No. 64. He argued "that the Rule 11 Colloquy, and Sentencing Transcripts are pertinent to him demonstrating counsel's uncontroverted ineffective assistance in failing to object to a (14) level enhancement in violation of the double jeopardy provisions after having been convicted of the

same offenses in the Superior Court of Guam." *Id*. at 7.

Section 753(f), Title 28, United States Code provides, in relevant part:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that *the transcript is needed to decide the issue presented by the suit* or appeal.

(emphasis added).

Having reviewed Petitioner's filings with respect to the § 2255 Motion, the court finds that the transcript of the Rule 11 change of plea hearing is not needed to decide the issue presented in the Motion—ineffective assistance of counsel at the sentencing phase of the proceedings. *See* Pet'r's Mot. at 5, ECF No. 52 ("Counsel provided ineffective assistance of counsel by failing to argue that the 14-level enhancement pursuant to § 2D1.1(10)(D) for endangerment of minors and Ulloa's impending state charge on child endangerment amounted to double jeopardy in violation of the Constitution.…Counsel provided ineffective assistance of counsel by failing to discuss and object to false information in the pre-sentence report which led to the 14 point enhancement."). Petitioner has specifically stated that he "does not challenge his conviction, [but] rather the illegal sentence imposed based on the double jeopardy violation." Pet'r's Br. at 1, ECF No. 53. Therefore, Petitioner's plea hearing is irrelevant to the issues presented by the § 2255 Motion and the court accordingly **DENIES** the Motion for Production of Documents as it pertains to the Rule 11 change of plea transcripts.

**C. MOTION TO AMEND**

Petitioner received the transcript of his sentencing on or around June 18, 2012. As a result, Petitioner filed a "Motion Requesting Leave to Amend 28 U.S.C. § 2255." ECF No. 79. Because Petitioner did not have the benefit of the sentencing transcript when he filed the Reply, he

Page 6 of 14

Case 1:07-cr-00111  Document 83  Filed 05/15/13  Page 6 of 14

> relied in part on the Government's interpretation of defense counsel['s] representation and statements from the transcript. Therefore [Petitioner] must concede that through adopting portions of the Government's [Opposition], some information may be off point. Nevertheless, [Petitioner] seeks to correct any inaccurate references to counsel's performance in violation of the [C]onstitution and double jeopardy provisions.

*Id.*

Having reviewed the substance of the Motion to Amend, the court believes that it is in fact additional arguments in support of Petitioner's Reply rather than a request to amend the original § 2255 Motion. "Pro se complaints and motions from prisoners are to be liberally construed." *United States v. Seesing*, 234 F.3d 456, 462 (9th Cir. 2000) (citing *United States v. Johnson*, 988 F.2d 941, 943 (9th Cir. 1993) (construing motion brought under FED. R. CRIM. P. 35(a) as one under 28 U.S.C. § 2255)). Accordingly, the court hereby **DENIES** the Motion to Amend, and will construe and allow the motion as a request for supplemental briefing in support of Petitioner's Reply.

### D. INEFFECTIVE ASSISTANCE OF COUNSEL

A prisoner in custody may bring a motion to attack his sentence under 28 U.S.C. § 2255 by demonstrating "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Petitioner claims he was provided ineffective assistance of counsel in violation of his Sixth Amendment right to counsel. To succeed on such a claim, Petitioner must establish: (1) that counsel's conduct was deficient, and (2) that such deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 693 (1986). To demonstrate deficiency by counsel, Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. Then Petitioner "must show that there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Petitioner argues that he suffered ineffective assistance because defense counsel principally failed to: (1) properly review and explain the presentence report with Petitioner, and (2) object to the fourteen-point increase in the offense level on double jeopardy and false statement grounds. *See* Pet'r's Br., ECF No. 53. The court will address each of Petitioner's claims in turn.

### 1. Defense Counsel's Performance

#### a. Review of Presentence Report

Petitioner contends that he suffered ineffective assistance when counsel did not review the presentence report with him until after the court provided ten minutes to review the document at the sentencing hearing. A defense counsel's *failure* to show his client the presentence report falls below the standard of reasonably competent representation. *See United States v. Donn*, 661 F.2d 820, 824 (9th Cir. 1981). The record shows that counsel informed the court that he "did review the presentence report with [Petitioner] when it came out, which was as far back as January." Sentencing Tr. 5:14–16, ECF No. 76. Because the sentencing had been continued multiple times,[4] counsel requested ten minutes to "make sure that [Petitioner] is comfortable and remembers" the report. *Id*., Tr. 5:17. Furthermore, the record indicates that the court inquired whether Petitioner had reviewed the presentence report with counsel, to which Petitioner answered in the affirmative.

[THE COURT]: Mr. Van de Veld, now you've indicated to the Court that you had an opportunity to review the presentence report with your client a couple months ago and you have now refreshed your memory and his memory on some matters of the court.

And I would like to ask Mr. Ulloa, is that your understanding that

---
[4] *See* ECF Nos. 40, 42, 43, 44, 46 (court orders and notices continuing sentencing).

Page 8 of 14

|   |                    | you had an opportunity to review the presentence report with your attorney. |
|---|---|---|
|   | [DEFENDANT]:       | Yes, Your Honor. |
|   | [THE COURT]:       | And you discussed earlier today prior to sentencing any concerns that your attorney may have with regard to refreshing your memory and his memory about the presentence report? |
|   | [DEFENDANT]:       | Yes, Your Honor. |

*Id.*, Tr. 8:17–9:5.

However, in the Motion, Petitioner asserts that "[f]rom January 8, 2009, until May 22, 2009, Ulloa attempted to contact counsel on his cellphone no less than (15) times. However, counsel never answered the calls. Ulloa did not speak to o[r] see counsel until the day of sentencing." Pet'r's Br. at 6, ECF No. 53. The court had ordered the final presentence report due by January 23, 2009. *See* ECF No. 40. Taking Petitioner's allegations that he did not see or speak to counsel from January 8, 2009 until sentencing on June 9, 2009 as true, then Petitioner did not have the opportunity to review the final presentence report with counsel until his sentencing hearing. However, the court need not decide whether Petitioner had a constitutionally adequate opportunity to view the presentence report because, as discussed below, he fails to demonstrate that he suffered any prejudice from his counsel's failure to show him the report before the sentencing hearing.

### b. Failure to Object to Offense Level Increase

Petitioner also asserts that he suffered ineffective assistance when counsel failed to object to the increase in the offense level pursuant to U.S.S.G. § 2D1.10. Petitioner contends that counsel should have objected to the increase because (1) the resulting sentence enhancement constituted double jeopardy and (2) the increase was based on a false, unsworn statement.

### i. Double Jeopardy

The Fifth Amendment provides, in relevant part, that no person shall "be subject for the

same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Supreme Court has "found double jeopardy protections inapplicable to sentencing proceedings" because such proceedings "do not place a defendant in jeopardy for an 'offense'" and sentence enhancements have not "been construed as additional punishment." *Monge v. California*, 524 U.S. 721, 728 (1998).

The Double Jeopardy Clause protects against "multiple criminal punishments for the *same offense*." *Id.* (emphasis added). Here, Petitioner was convicted and sentenced for Conspiracy to Manufacture Methamphetamine.[5] In contrast, Petitioner was convicted and sentenced in the Superior Court of Guam for Child Abuse.[6] *See* Pet'r's Br. Ex. B, ECF No. 53. Conspiracy to Manufacture Methamphetamine and Child Abuse are two different offenses, "each provision requir[ing] proof of a fact which the other does not," thus satisfying the controlling double jeopardy test articulated in *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Petitioner challenges on double jeopardy grounds his sentencing proceeding, where double jeopardy protections do not apply. Moreover, this sentencing proceeding was completely separate from the local case, which involved a completely different crime requiring proof of completely different elements. There was no risk of multiple punishments for the *same offense*; it was simply an enhanced sentence for Conspiracy to Manufacture Methamphetamine. As such, Petitioner's counsel did not act unreasonably by failing to object to the level increase on unfounded double jeopardy grounds. Consequently, this claim is denied.

The court also would like to address Petitioner's contention that defense counsel misinformed the court that Petitioner was "released," which Petitioner understood as referring to

---

[5] 21 U.S.C. § 841(a)(1): "It shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 846: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."
[6] 9 G.C.A. § 31.30(a)(2)(B) and (C): "A person is guilty of child abuse when having a child in his care or custody or under his control, he subjects that child to cruel mistreatment, or unreasonably causes or permits the physical or emotional health of that child to be endangered."

the then-pending Child Abuse charge in the Superior Court of Guam "based upon the logical inference that neither of the federal indictments were [sic] dismissed." Pet'r's Mot. to Amend at 3, ECF No. 79. The sentencing transcript shows that defense counsel stated, "Mr. Ulloa was, at the time of his release in CF [sic] 07-111, still heavily addicted to the methamphetamine controlled substance and was unable to stay away from that controlled substance." Sentencing Tr. 37:21–24, ECF No. 76. The "release" referred to by defense counsel was the fact that Petitioner, "when he was arrested in 2007, initially agreed to cooperate and the Court released the defendant…He was given an opportunity to reduce that sentence and that did not pan out." *Id.*, Tr. 16:23–17:14. Petitioner was released from custody while Criminal Case No. 07-00111 was pending. Defense counsel was referring to said release rather than to a dismissal of the pending Child Abuse charge in the Superior Court of Guam. Therefore, defense counsel did not misinform the court in this respect.

### ii.     False Statements

Petitioner also claims that counsel rendered ineffective assistance when he did not object to the offense level increase on the ground that it was based on false statements made by Jonathan Ninete, which were included in the presentence report. The record indicates that the court based the enhancement not on the statements of Mr. Ninete, but rather on the facts, presented through exhibits and testimony by a Drug Enforcement Administration agent,[7] that methamphetamine was manufactured and chemicals were present in Petitioner's residence, where his biological children and other minors lived. *See* Sentencing Tr. 22–32, ECF No. 76. Counsel did not act unreasonably by failing to object to the increase because it was not based on the alleged false statements. Accordingly, this claim is denied.

### 2. Prejudice

---

[7] The court notes that defense counsel had the opportunity to, and in fact did, cross-examine the DEA agent regarding the presence of chemicals in Petitioner's residence.

The court has found that counsel's conduct was not deficient with respect to the failure to object to the offense level increase. However, even if counsel's conduct was deficient either in that respect or for counsel's failure to adequately review the presentence report, Petitioner has not satisfied the second *Strickland* prong, which requires Petitioner to show that counsel's deficient performance so prejudiced him that the result of the proceeding is unreliable. 466 U.S. at 687. In the context of a guilty plea, "[t]o satisfy *Strickland*'s prejudice prong, [Petitioner] must allege that but for counsel's errors, he would either have gone to trial or received a better plea bargain." *United States v. Howard*, 381 F.3d 873, 882 (9th Cir. 2004) (citing *United States v. Baramdyka*, 95 F.3d 840, 846–47 (9th Cir. 1996)). The Supreme Court has stated:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example…where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

*Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Similarly, while Petitioner now maintains that he would not have entered a guilty plea but for counsel's errors, Petitioner fails to proffer a colorable claim articulating any possible benefits that he likely would have received had he gone to trial. Petitioner claims that he would have been sentenced at an offense level of sixteen as opposed to thirty, which doubled his term of imprisonment. Pet'r's Mot. to Amend at 6, ECF No. 79. In fact, as a result of entering a guilty plea, the Government agreed to a two-level reduction for acceptance of responsibility and an additional one-level reduction because Petitioner provided timely notification of his intent to plead guilty. Sentencing Tr. 10:12–19, ECF No. 76. As discussed above, there is no indication from the record that Petitioner would have received a lighter sentence had he gone to trial because the increase in the offense level was not invalid on double jeopardy grounds and was supported by facts which were independent of the allegedly false statements of Jonathan Ninete.

Consequently, Petitioner has failed to show prejudice. *See Jones v. United States*, 783 F.2d 1477, 1482 (9th Cir. 1986) (holding that an ineffective assistance of counsel claim fails because "the court did not rely on the challenged information but imposed a sentence warranted by the testimony at trial"). As Petitioner has failed to demonstrate that counsel's conduct was deficient, and that such deficiency prejudiced his defense, Petitioner's claim of ineffective assistance of counsel is **DENIED**.

### E. EVIDENTIARY HEARING & APPOINTMENT OF COUNSEL

The court should grant a request for an evidentiary hearing in a § 2255 proceeding "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). As discussed above, Petitioner has failed to allege facts that would entitle him to relief. Accordingly, an evidentiary hearing is **DENIED**.

The court has discretion to appoint counsel in § 2255 proceedings when "the interests of justice so require and [the prisoner] is financially unable to obtain representation." *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (citing 18 U.S.C. § 3006A(g)). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). The court finds that the issues presented are not so complex that Petitioner could not articulate his claims pro se. The court further finds that the Petitioner has not presented a likelihood of success on the merits. Accordingly, Petitioner's request for appointment of counsel is **DENIED**.

### III. CONCLUSION

Based upon the foregoing, the court **DENIES** Petitioner's Motion Requesting Leave to Amend and **DENIES** the Motion for Production of Documents. The court also **DENIES** the Motion to Vacate, Set Aside, or Correct Sentence and the Motion Requesting Immediate Relief

from Illegal Sentence on the grounds of ineffective assistance of counsel.

**SO ORDERED.**



    **/s/ Frances M. Tydingco-Gatewood**
          **Chief Judge**
    **Dated: May 15, 2013**